COMMERCIAL TRUST COMPANY OF NEW JERSEY, trustee, &c., respondent,

*v.*

GEORGE ADELUNG, EDWARD A. MARKLEY, as executor of and trustee under the will of John F. W. Noe, deceased, COMMERCIAL TRUST COMPANY OF NEW JERSEY, as executor of the will of Mary Jenkins, deceased, JOHN J. QUINN, THEODORE D. PARSONS and THOMAS P. DOREMUS, formerly partners, trading as QUINN, PARSONS & DOREMUS, defendants, and BARBARA LOUISE ADELÚNG, respondent, and JOHN F. MANGELS, JAMES MANGELS and GERTRUDE MANGELS JOHNSON, appellants.

[Argued October term, 1945. Decided January 31st, 1946.]

*Mr. Michael F. Reilly* and *Mr. Isadore Glauberman,* for the appellants.

*Messrs. Milton, McNulty & Augelli (Mr. John Milton),* for Barbara Louise Adelung.

*Messrs. Anderson, Rugge & Coleman (Mr. J. Fisher Anderson),* for Commercial Trust Company of New Jersey, trustee, &c.

*Mr. John D. Craven,* for Commercial Trust Company of New Jersey, executor, &c.

The opinion of the court was delivered by

BODINE, J.

The bill of complaint in this case was filed for the construction of a deed of trust executed on October 3d, 1924, by the late John F. W. Noe. The provision of the deed of trust requiring construction was as follows: "* * * upon the death of the Settlor, his wife, Lillian L. Noe, surviving him, then to pay over, assign and transfer to her the corporate stocks, securities, and other personal property then constituting said trust fund, including any accumulated income then in hand. In case the said Lillian L. Noe does not survive the Settlor, then upon his death to pay over, assign, transfer and set over the money, corporate stocks, securities and other personal property constituting said trust fund, including any accumulated income then in hand, to the next of kin of the Settlor according to the laws of the State of New Jersey in force at this date providing for the distribution of the personal estate of persons dying intestate."

The decree entered thereon provided that Barbara Louise Adelung, the adopted daughter of John F. W. Noe, was his sole next of kin at the date of his death on October 7th, 1943, in accordance with the laws of the State of New Jersey in force as of October 3d, 1924, the date of the settlement.

The only possible claimants to the trust fund are the following: George Adelung, the son adopted when he was an adult; the minor adopted daughter, and certain cousins of the settlor who are the appellants here.

The proofs show that the settlor's wife died September 17th, 1940. Thereafter, he adopted George Adelung, a man of thirty, who was Mrs. Noe's son by a prior marriage. On February 7th, 1942, the settlor adopted Barbara Louise Adelung, George Adelung's minor daughter.

At the outset, it is to be noted that the trust indenture was irrevocable. The question for disposition in this case is merely: was the learned Vice-Chancellor right in determining on the facts in this case that the minor daughter adopted in 1942, upon the death of the settlor, the life tenant, took as next of kin according to the laws of New Jersey in existence on October 3d, 1924? We think he was.

It is clear that such was the settlor's intent. Upon execution of the trust indenture legal title vested in the trustee. John and Lillian took vested remainders in equity. The wife's interest was subject to be divested if she predeceased the settlor. The remainder in equity was then to vest in the next of kin as determined by the laws of the State of New Jersey in existence on October 3d, 1924.

It is well settled in this state that the words "next of kin" mean the statutory next of kin. *Trenton Trust Co.* v. *Gane,* *125 N. J. Eq. 389; affirmed, 126 N. J. Eq. 273; Francisco* v. *Citizens Trust Co., 132 N. J. Eq. 597; affirmed, 133 N. J. Eq. 28.* The controlling statute concerning adoptions, in existence at the time of the trust settlement, is to be found in *Comp. Stat. 1924 p. 1555* now embodied in *R. S. 9:3–9,* which provides as follows: "* * * and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock." The adult son was not at the time of his adoption within the classification of the statute. The daughter being a minor at adoption was.

It is unnecessary to further treat of the other appeals since

they are without merit. Suffice it to say that the case in the above respect was properly determined in the court below, and the decree will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 14.

*For reversal*—None.